JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY R. FINIGAN (CASBN 168285)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-7232
    Facsimile: (415) 436-7234
    Email: jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.   CR 07-0385 MMC |
|     Plaintiff, ) | |
| ) | **UNITED STATES' SENTENCING** |
|     v. ) | **MEMORANDUM** |
| ANTONIO MUSNI, ) | |
|     Defendant. ) | |

**I.  Introduction**

      The defendant pled guilty to counts one (1) through six (6) of the indictment charging him with bank fraud, in violation of 18 U.S.C. § 1344.  The Probation Department ("Probation") calculates the defendant's Guidelines as a total offense level of 13, criminal history category I, and corresponding sentencing range of 12-18 months.  Probation recommends a prison sentence of 12 months along with various other terms.  The government disagrees with Probation's recommended prison sentence, but otherwise concurs with the presentence investigation report (PSR).  Accordingly, for the reasons set forth herein, the government respectfully requests that

U.S. SENTENCING MEMO
CR 07-0385 MMC

the Court sentence the defendant to serve fifteen (15)[1] months in prison along with the other sentencing recommendations in the PSR and one additional supervised release condition discussed below.

## II. Facts

The Court is well aware of the facts by virtue of the defendant's guilty plea and PSR, so only a brief summary is required here.  On April 1, 2006, the defendant was living at 851 Church Street in San Francisco and working at the University of California, San Francisco ("UCSF").  While living at that address, the defendant received various credit card applications and loan applications addressed to Stephen Chiari.  He fraudulently filled out applications for five credit cards and two automatic $5,000 loans in Chiari's name and thereafter used the credit cards and loan proceeds for his own personal benefit.  Prior to submitting the fraudulent applications, the defendant also accessed Chiari's medical records at UCSF to obtain his confidential and personal information.  Beginning in April 2006 and continuing through February 28, 2007, the defendant made numerous fraudulent personal charges on each of the credit cards and fraudulently cashed both of the $5,000 loan checks from HSBC.  The total loss from the defendant's 10-month crime spree was $54,185.69.

As the Court knows from Mr. Chiari's victim impact statement, the defendant's actions caused a considerable hardship on Mr. Chiari.  He spent at least 80 extremely frustrating hours of his time straightening out and undoing what the defendant did to Mr. Chiari's credit. Nevertheless, he has graciously eschewed seeking restitution for that time and placed his trust in the Court to impose a just sentence.

## III.   Proposed Sentence

The government requests that the Court sentence the defendant to 15 months in prison along with the other conditions enumerated in the PSR.  A 15-month sentence is squarely in the middle of the applicable Guideline range and is entirely appropriate and fair pursuant to the

---

[1] In order to reach fifteen months, the government recommends the Court sentence the defendant to five (5) months on each count with counts 1 through 3 to run consecutively and counts 4 through 6 to run concurrently with count 3.

U.S. SENTENCING MEMO
CR 07-0385 MMC                                  2

Guidelines and 18 U.S.C. § 3553. While the defendant is a first time offender here, there are several aggravating factors related to the offenses that justify a mid-range sentence:

- the defendant opened five separate credit card accounts and took out two loans in the victim's name, i.e. this was not an isolated or one time event;
- the defendant significantly abused a position of trust at UCSF by illegally accessing patient information for purposes of committing identity theft;
- there was a significant loss amount of more than $50,000.00;
- the defendant used the stolen money for personal luxury items and expenses;
- the defendant's conduct had a significantly negative impact on the victim;
- the defendant's scheme spanned a 10-month period and was apparently thwarted by the victim's own investigation versus the defendant voluntarily ending the conduct; and
- the government has agreed to dismiss Count 8 in the indictment, a violation of 18 U.S.C. § 1028A(a)(1) – aggravated identity theft, which carries a mandatory 2-year consecutive sentence to whatever the defendant receives on the other counts, thus the defendant has already received significant consideration in the form of a much lower sentence.

Applying the factors in 18 U.S.C. § 3553(a) to this case leads to the conclusion that a 15-month sentence is reasonable: (1) the nature and circumstances of the offense are that it was a serious offense that impacted the victim in a significant manner, it was a severe abuse of trust with UCSF, it involved a large sum of money; (2) a mid-range sentence of 15 months will reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) the proposed sentence will deter future criminal conduct by the defendant and others.

Further, in addition to the conditions of supervised release set forth in the PSR, the government respectfully requests that the Court require the defendant to notify any prospective employer of these convictions if the prospective employment will involve having access to customer/patient personal information or any control over any aspect of the employer's finances. The defendant could be relived of the aforementioned condition only with Probation Officer or

U.S. SENTENCING MEMO
CR 07-0385 MMC                                      3

Court approval.

    Finally, the government provides the Court with the following specific victims and addresses for purposes of restitution:

1. $8,131.03 to Bank of America Restitution, PO Box 15730, Wilmington, Delaware 19885;
2. $7,514.51 to Discover Financial Services, PO Box 15048, Wilmington, Delaware 19850;
3. $652.00 to HSBC Fraud, PO Box 80055, Salinas, CA 93912-0055;
4. $10,000.00 to HSBC Fraud Investigations, 26525 North Riverwoods Boulevard, Mettawa, Illinois 60045, Attn: Chris Bohn;
5. $11,892.74 to American Express, 888 South Figueroa Street, Los Angeles, CA 90017; and
6. $15,995.41 to Chase Correspondence, PO Box 15298, Wilmington, Delaware 19850.

DATED:  June 18, 2008                          Respectfully submitted,

                                                            JOSEPH P. RUSSONIELLO
                                                            United States Attorney

                                                            /s/
                                                           JEFFREY R. FINIGAN
                                                           Assistant United States Attorney