SETH P. CHAZIN, SBN #133777
LAW OFFICES OF SETH P. CHAZIN
1164 Solano Avenue
Albany, CA 94706
Telephone: (510) 507-8100
Facsimile: (510) 525-0087

Attorney for Defendant
ANTONIO MUSNI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-0385-01 MMC |
|---|---|---|
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| vs. | ) | |
| ANTONIO MUSNI, | ) | Date: 06/25/08 |
| Defendant | ) | Time: 2:30 p.m. |

**INTRODUCTION**

Defendant ANTONIO MUSNI pled guilty to a violation of 18 U.S.C. §1344, Bank Fraud. The written plea agreement establishes an adjusted offense level of 13. The probation officer also calculates an adjusted offense level of 13 and a criminal history category I, resulting in an advisory guideline range of 12 to 18 months. As required, the probation officer reviewed 18 U.S.C. § 3553(a) for guidance in determining an appropriate sentence and recommends a sentence of 12 months custody followed by a three year term of supervised release.

The Court must consider all of the factors outlined in 18 U.S.C. § 3553(a), not just the guidelines, in determining a sentence that is sufficient, but not greater than necessary to meet the goals of sentencing. *United States vs. Booker*, 125 S.Ct. 738 (2005). The primary directive in 18

U.S.C. § 3553(a) is for sentencing courts to impose a sentence which is sufficient, but not greater than necessary, to comply with the four objectives of sentencing: (1) to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

**ARGUMENT**

**I.**

**THE COURT SHOULD FOLLOW THE PROBATION OFFICER'S RECOMMENDATION OF 12 MONTHS IMPRISONMENT IN LIGHT OF THE SEVERE ABUSE AND NEGLECT THAT THE DEFENDANT SUFFERED AS A CHILD.**

The court may consider evidence that the defendant has suffered mental and emotional abuse where it appears that the defendant's mental and emotional conditions contributed to the commission of the offense. *United States v. Brown*, 985 F.2d 478 (9th Cir 1993); *United States v. Roe,* 976 F.2d 1216 (9th Cir. 1992); *United States v. Rivera*, 192 F.3d 81,84 (2nd Cir. 1999), *Also See United States v. Lopez, 938 F.2d 1293, 1298 (D.C. Cir. 1991) and Penry v. Lynaugh (1989) 492 U.S. 302, 319.* Also see *United States v. Lopez, 938 F.2d 1293, 1297(P.C. Cir. 1991).*

Here, the probation officer notes, as corroborated by the reports of Scott Lines, Ph.D. and Kirstin Anderson, MFT, that the defendant suffered extensive abuse as a child. In fact, the defendant still continues to suffer the effects of the abandonment and emotional abuse he endured as a child after his parents left the Phillipines for the United States without him when he was a young boy. *See reports of Scott Lines, Ph.D. and Kersten Anderson, MFT, attached hereto.* The court should also note that on June 3, 2008, the defendant was briefly taken into custody pursuant to California Welfare and Institutions Code Section 5150 due to concerns of his therapist that the defendant may attempt suicide.

There is no question that the defendant's childhood has had a significant impact on his

2

Case 3:07-cr-00385-MMC    Document 22    Filed 06/19/2008    Page 3 of 4

psyche as well as his conduct in the community. Thus, it is submitted that there are sufficient grounds to warrant the court's consideration of this evidence when choosing the appropriate sentence in this case.

## II.

**THE COMBINATION OF ALL FACTORS CONSTITUTES A MITIGATING CIRCUMSTANCE JUSTIFYING A REDUCED SENTENCE.**

The Ninth Circuit has long held that a "combination of factors can together constitute a mitigating circumstance ....." See *United States v. Cook* (9th Cir. 1991) 938 F.2d 149, 153; *U.S.S.G. section 5K2.0.*

When viewed in the aggregate, the facts of this case support a mitigated sentence. In particular, the defendant had a horrendous childhood that involved emotional abuse, extreme neglect and abandonment. As a relatively young boy, he was abandoned by his parents. Consequently, it is not surprising that the defendant has had emotional problems. There is ample evidence that the defendant has been suffering from psychiatric conditions, including depression, that have played a significant role in his life. His attending psychiatrist was recently concerned that the defendant might attempt suicide such that the defendant was briefly hospitalized.

The defendant now sees the severe consequences of involving himself in this illegal conduct. His statement of acceptance of responsibility clearly reflects this.

The defendant submits that the factors described herein, as well as those raised in the Probation Officer's Report, support a mitigated sentence. Therefore, the defendant respectfully requests that the Court consider the above factors in their totality as well as individually when determining what prison sentence it should impose.

**CONCLUSION**

In summary, Mr. Musni is a young man who was severely neglected and emotionally abused as a child. He ensnared himself in illegal conduct while in the throws of stress and depression. The defendant has no prior criminal record. He is remorseful for what he has done and seeks to apologize and make restitution to those people who were affected by the commission of this offense. The defendant thus respectfully requests that the Court consider the above factors in determining a sentence which is "sufficient, but is not greater than necessary" to achieve the goals of sentencing and that is fair and just in this particular case. It is submitted that, in light of all of the factors raised above, a prison sentence of 12 months in prison is appropriate.

**Dated: June 19, 2008.**                              **Respectfully submitted,**


_____/s/_____
**SETH P. CHAZIN**
**Attorney for Defendant**
**ANTONIO MUSNI**